UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN HELLER, | ) | CASE NO. 5:14cv579 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| BROWN MACKIE COLLEGE, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

  *Pro se* plaintiff Dawn Heller (plaintiff or Heller) filed this action against Brown Mackie College (Brown Mackie), the Art Institute of Phoenix, Sallie Mae-Department of Education and "John Doe Subsidiaries, Affiliates, Assigns, Accreditation Boards, Alias Names, Granting Authorities under the Department of Justice."[1] (Complaint [Compl.], Doc. No. 1 at 1[2]). In the complaint, plaintiff alleges she was charged tuition and incurred student loan debt when she withdrew from classes at Brown Mackie before the end of the term, which the defendants are improperly attempting to collect. Heller seeks monetary damages.

---

[1] This is the fifth case against a community college or technical school plaintiff has filed in the United States District Court Northern District of Ohio. *See Heller v. ITT Technical Institute*, No. 5:14 CV 446 (N.D. Ohio filed Feb. 26, 2014); *Heller v. American Public University Systems*, No. 5:14 CV 523 (N.D. Ohio filed Mar. 7, 2014); *Heller v. Colorado Technical University Online*, No. 5:14 CV 524 (N.D. Ohio filed Mar. 7, 2014); *Heller v. Capella University*, No. 5:14 CV 580 (N.D. Ohio Mar. 17, 2014).

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system. The complaint does not comply with Fed. R. Civ. P. 10(b), which requires that claims be set out "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." As a result, it is difficult to cite to the complaint with accuracy.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2). That motion is granted.

## I. BACKGROUND

Plaintiff's complaint is difficult to construe. She indicates she enrolled at Brown Mackie for a paralegal degree on May 2, 2011 and withdrew on June 2, 2011. Plaintiff claims that she withdrew from Brown Mackie because the school did not help her meet the basic core algebra requirement, and although tutors were available, they were ineffective. Further, the classroom was student led and "out of control." (Compl. at 3.)

Plaintiff's complaint states that student loans/grants were obtained for her course of study at Brown Mackie, but it is unclear as to how or from whom the loans/grants were obtained. (Compl. at 2-3.) According to the complaint, prior to 2009 she enrolled "under a different student loan program, which was interest free, but after enrolled for a year at CTU online [Colorado Technical University Online], the school updated options of student loans, one of which was the William D. Ford Direct Student Loans." (Compl. at 3.) Plaintiff maintains that all further loans were collected under the William D. Ford Direct Loans, but the relevance of this alleged fact to plaintiff's complaint is unclear.

Plaintiff claims that Brown Mackie, through the Art Institute of Phoenix, received financial aid loans/grants for her classes there, and is double billing for tuition costs. She alleges that "Defendants" handle collections on their own behalf and on behalf of "Sallie Mae as a contractor for the Administrator of the William D. Ford Direct [Student] Loans." Plaintiff states that defendants refuse to "verify the debt that the [plaintiff] incurred," but claim "they are there to assist in making a payment." (Compl. at

2

2.) Heller contends she received a "Collection Call/Tuition Assistance Call" from the Art Institute of Phoenix offering help to arrange tuition payments "on behalf of a Sallie Mae Loan that in essence doesn't exist." *Id.* Plaintiff attaches a tax document—Form 1098-T—for Brown Mackie for 2011 (Doc. No. 1-4), which she interprets as a bill for repayment of the amount of tuition reported. (Compl. at 2.) Plaintiff alleges that a "third party" who "abused Title IV funds" is attempting to collect the loan/tuition debt. (Compl. at 2-3.)

Plaintiff lists her causes of action as "theft, fraudulent accounting practices and inter alia causes." (Compl. at 1.) She admits that "Defendants are entitled to some tuition payment, during the time that I was enrolled there 'for a month,' but not up 7 and ½ times the actual charge for a month's tuition fees. They are now trying to collect approximately $490 on behalf of Sallie Mae, still refusing disclosure showing validity of the debt." (Compl. at 4.) Plaintiff claims that she "sustained civil [i]njuries from the Schools [f]raudulent, and unethical accounting and debt collection practices, i.e. theft, in the failure to uphold their duty in the performance of the contract making the school unable to collect any part of the said tuition fees." (Compl. at 4.)

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks

an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when the complaint lacks plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in a light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction and do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts only have authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* The burden of establishing federal jurisdiction rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citation

4

omitted); Fed.R.Civ.P. 8.

Although there are exceptions not applicable here, federal courts generally only have authority to hear a case when diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity jurisdiction, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must show that he is a citizen of one state and all of the defendants are citizens of other states.

Complete diversity of citizenship does not exist in this case. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Plaintiff lists her residence as Akron, Ohio. A corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Heller lists Brown Mackie's address as Akron, Ohio. Therefore, the complaint appears to indicate that plaintiff, and at least one of the defendants, are citizens of Ohio. Moreover, the amount in controversy does not appear to exceed $75,000. Accordingly, the Court concludes that plaintiff has not established that federal jurisdiction in this case can be based on diversity jurisdiction.

Lacking diversity jurisdiction, if federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (internal quotations omitted) (quoting *Beneficial Nat'l*

5

*Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)). Although the well-pleaded complaint rule focuses on what plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal question jurisdiction may also reach state law claims: (1) that are really federal law claims in disguise; (2) which turn on the construction of a federal law; or (3) that are completely preempted by federal law. *Mikulski*, 501 F.3d at 560; *see City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Plaintiff mentions debt collection several times in the complaint, and it is possible she is attempting to assert a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. No other potential federal claims are discernable on the face of plaintiff's complaint. However, even with the benefit of liberal construction, plaintiff fails to identify a plausible federal claim.

First, it is unclear from plaintiff's complaint whether defendants are allegedly attempting to collect tuition or student loans or both, and which defendants are attempting to do so. She alleges Brown Mackie contacted her for loan repayment counselling, but there is no indication that they were going to take payments for the loans. If Brown Mackie is seeking payment for tuition for plaintiff's admitted attendance, the FDCPA specifically excludes from the definition of debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). Moreover, even if plaintiff is claiming a violation of the FDCPA, the

6

complaint does not allege which provisions of the FDCPA that Brown Mackie, the Art Institute of Phoenix, Sallie Mae, or the John Does may have violated.

"Principles requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), cert denied, 106 S.Ct. 1475 (1986). Even *pro se* plaintiffs have minimum pleading requirements, and "trial and appellate courts should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) *abrogated on other grounds by Moore v. City of* Harriman, 272 F.3d 769, 772 (6th Cir. 2001) (en banc). District courts are "not require[d] to conjure up questions never squarely presented to them" or "to construct full blown claims from sentence fragments[.]" *Beaudett*, 775 F.2d at 1278. To do so would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff" and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* "The district court is not required to make [plaintiff's] argument for him." *Crawford v, Crestar Foods*, 210 F.3d 371, at *2 (6th Cir. 2001) (Table) (citing *Beaudett*, 775 F.2d at 1278).

In order to make out a federal claim in plaintiff's complaint in this case, that is exactly what the Court would be required to do. Even when liberally construed, plaintiff's complaint does not contain allegations reasonably suggesting that Heller has a valid federal claim. Further, even if the complaint can be construed to raise a federal question under the FDCPA, the allegations in the complaint are so unclear as the nature of the FDCPA violations, and which defendant is alleged to have committed such violations, that plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e) for failure to

state a claim upon which relief may be granted.

## IV. CONCLUSION

For all the foregoing reasons, plaintiff's complaint is dismissed for lack of jurisdiction. Further, even if jurisdiction exists, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e). Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted.

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 6, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**